## JOHN WALKER *et al.* v. STATE.

No. A-5342—Opinion Filed Dec. 6, 1920.

Rehearing Denied May 10, 1921.

(197 Pac. 520.)

(Syllabus.)

**INTOXICATING LIQUORS—Unlawful Receiving.** In a prosecution for receiving intoxicating liquors from a common carrier, evidence held sufficient to support the conviction.

*Appeal from County Court, Atoka County;*
*J. M. Humphreys, Judge.*

John Walker and Felix Taylor were convicted of receiving intoxicating liquors from a common carrier, and they appeal. Affirmed.

*J. H. Gernert,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall* and *E. L. Fulton,* Asst. Attys. Gen., for the State.

DOYLE, P. J. This is an appeal from the judgment of the county court of Atoka county, rendered in pursuance of the verdict; the punishment of each defendant having been fixed at a fine of $50 and confinement in the county jail for 30 days.

The information in substance charged that John Walker and Felix Taylor did, on or about the 22d day of February, 1919, receive from the Missouri, Kansas & Texas Railway, a common carrier, six quarts of whisky. The main question in the case is whether or not the evidence is sufficient to sustain the conviction. The evidence, on which this conviction rests, is substantially as follows: At the

date alleged the defendant John Walker was seen to step off the passenger train at the Missouri, Kansas & Texas depot in Stringtown, and meet the defendant Felix Taylor and slip him a check for the trunk in question. A few minutes later Taylor appeared in the baggageroom and handed the check to the station agent, Chas. Neal, who testified:

"I saw the defendants at the station. Taylor told me he had a check for a trunk; I walked through the waiting room into the baggageroom. Taylor was standing near the trunk when I walked in, and he pointed to it, and I took the checks. The officers stepped up, looked at the checks and arrested Taylor. The trunk came from Kansas City, and the check read from Kansas City. As I stepped out of the baggageroom, Walker came in, and I heard him say it did not belong to him."

Deputy Sheriff Summers testified:

"I saw John Walker get off the train. He started down the platform south. Felix Taylor walked up beside him, and Walker slipped the check into Taylor's right hand. Walker went into the baggageroom and took the check off of the trunk, and handed both checks to Charley Neal, the station agent and he took them into his office. I told Taylor I would take charge of him and the trunk. He said, 'That is not my trunk; it belongs to John Walker.' Deputy Sheriff Cox came in with Walker, and Walker said Felix Taylor's brother gave him the check for the trunk at Muskogee. We opened the trunk, and found six pints of whisky and five gallons of alcohol."

Deputy Sheriff Cox testified:

"I saw the defendant Walker get off the train and meet Felix Taylor, and he slipped a ticket to Taylor. I followed Taylor into the baggageroom, and heard him say to the agent that it was John Walker's trunk. Walker said

that it was not his trunk. The whisky was in bottles, and the alcohol was in cans in the trunk."

The state rested, and the defendants moved the court to direct a verdict of acquittal, which was overruled.

The defendant Walker testified:

"I live near Stringtown. I was in Muskogee, visiting my daughter. I was on the train, and Jess Taylor asked me if I was going home. I said 'Yes,' and he handed me the check to give to his brother Felix, and said to tell him he would be down Sunday. I did not see the trunk. When I got off the train I met Felix Taylor, and said, 'Here is the check Jim sent you,' and I handed it to him."

The defendant Taylor testified:

"I was at the depot, and received the check from John Walker. I went into the baggageroom to get the trunk. I gave the check to Mr. Neal, and he took the check off the trunk and put it on the string. Mr. Summers walked up and said, 'I want to see what is in that trunk.' I said, 'Help yourself; it is not mine.' I did not know there was any liquor in the trunk until Mr. Cox opened it. It was not my trunk."

The information in this case is under the first clause of section 1, c. 186, Session Laws 1917, which reads:

"It shall be unlawful for any person in this State to receive directly or indirectly any liquors, the sale of which are prohibited by the laws of this state, from a common or other carrier."

It is contended by the defendants that the evidence does not show that they received the trunk from the railway company. We think that when the defendant Taylor pointed out the trunk and delivered to the station agent the check therefor, and the station agent took the check and removed the duplicate check from the trunk, such acts

constituted a delivery to the defendant Taylor. The evidence tends to show that the defendants acted in concert with the common design to receive the trunk with its contents. In that respect it was a question for the jury as to whether or not the defendant Walker was aiding and abetting the defendant Taylor in the commission of the offense. In our opinion the evidence on the part of the state, if credited, as it was, was amply sufficient to sustain the conviction.

Finding no error in the record requiring a reversal, the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.